Jeffrey W. Shields, Bar No. 109920
Rick A. Varner, Bar No. 160403
David X. Banack, Bar No. 237221
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, California 92614
(949) 724-7900; Fax (949) 724-7905
E-mail: jeff@shieldslawoffices.com

Attorneys For Plaintiffs And Counter-Defendants
Waleed Al-Oboudi and Maria Amelia C. Chang

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALEED AL-OBOUDI, et al., | Case No. CV07-3235 ABC (RZx) |
|      Plaintiffs, | STIPULATED PROTECTIVE ORDER |
|      vs. | |
| ROBERT KEITH FROOM, et al., | |
|      Defendants. | |
| ———————————————— | |
| AND RELATED COUNTERCLAIM. | |

NOTE: CHANGES MADE BY THE COURT

GOOD CAUSE STATEMENT

WHEREAS, plaintiffs and counter-defendants WALEED AL-OBOUDI dba Neuro-Ifrah Organization, Neuro-Ifrah Center and Neuro-Ifrah Products ("Al-Oboudi") and MARIA AMELIA C. CHANG

17394

dba Neuro-Ifrah Organization and Neuro-Ifrah Center ("Chang") [hereinafter, Al-Oboudi and Chang are sometimes collectively referred to as "Plaintiffs"], and defendant and counterclaimant ROBERT KEITH FROOM ("R. Froom") and defendants RK FROOM & CO., INC. ("Froom Co.") and CAROL FROOM ("C. Froom") [hereinafter, R. Froom, Froom Co. and C. Froom are sometimes collectively referred to as "Defendants"; and Plaintiffs and Defendants are sometimes collectively referred to as "the Parties"], each agree that discovery in this action may involve disclosure of certain confidential, trade secret, proprietary, business and/or medical information about one or more of the Parties and/or their respective businesses; and

WHEREAS, the Parties are engaged in competitive businesses, both as between themselves and others in the development, sale and use of orthotic devices and techniques for treating, among other things, stroke and brain injury patients, and do not wish to make disclosures to each other without a protective order, and further do not wish to have such disclosures in the hands of third party competitors, particularly because unprotected disclosure would potentially allow the Parties and/or their competitors to take advantage of information which derives independent economic value by not being generally known to each other, to the public, or to the Parties' competitors; and

WHEREAS, more specifically, the unprotected disclosure of such confidential, trade secret, proprietary, business and/or medical information in an already highly competitive industry would cause serious injury and damage to

one or more of the Parties by allowing the opposing Parties and/or competitors to wrongfully obtain, use, infiltrate, replicate and/or benefit from such information, which might include, without limitation, product design drawings, specifications and manufacturing methods, original product research, development and production materials, price lists and pricing information, sales records, invoices and sales summaries, customer lists or other customer identifying or preference information, business strategies, financial information, checks and bank records, and/or corporate minutes and resolutions; and

WHEREAS, some of the information to be discovered may also relate to individual medical information regarding C. Froom, and possibly others, on whom the orthotic devices and techniques developed by one or more of the Parties have been used and, thus, implicate the privacy rights of such patients;

NOW, THEREFORE, SUBJECT TO the Court's approval of this Stipulated Protective Order, the Parties hereby stipulate through their respective counsel of record herein that discovery in this matter shall be had pursuant to the following Stipulated Protective Order:

1. <u>DEFINITIONS</u>

1.1. As used herein, the designation "CONFIDENTIAL" means and applies to: (a) any of the following information which is not generally known and which the producing Party has not made public: any product design drawings, specifications and manufacturing methods, original product research, development and production materials, price lists and pricing

information, sales records, invoices and sales summaries, customer lists or other customer identifying or preference information, business strategies, financial information, checks and bank records, and/or corporate minutes and resolutions; (b) as set forth in California Civil Code section 3426.1, which is incorporated herein by this reference, any information, document or thing produced in discovery which contains trade secrets of the producing Party (as defined in California Civil Code section 3426.1(d), "trade secrets" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy); (c) any data derived from such information, documents or things, including any summaries, compilations, quotes, or paraphrases thereof; (d) any individual medical records and/or protected health information as defined in the Health Insurance Portability and Accountability Act of 1996; and (e) any other information protected from disclosure by law (excluding information covered by the attorney-client privilege or attorney work product doctrine).

1.2.  As used herein, the designation "ATTORNEYS' EYES ONLY" means and applies to: (a) any CONFIDENTIAL INFORMATION as defined above, and the disclosure of which to the opposing Parties the producing Party contends would cause

substantial and/or irreparable harm to the producing Party's business operations or interests, or would improperly divulge his, her or its personal affairs; and (b) any data derived from such CONFIDENTIAL INFORMATION, including without limitation, any summaries, compilations, quotes, or paraphrases thereof.

1.3.   As used herein, the phrase "CONFIDENTIAL INFORMATION" means and includes both "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" designated information and documents, as those terms are defined above.

1.4.   As used herein, the terms "DOCUMENT" or "DOCUMENTS" mean and include, but are not limited to, correspondence, e-mail and other communications, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, hard drives, thumb or zip drives, affidavits, briefs, pleadings, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions or DOCUMENT requests, and motions, including copies or computer-stored versions of any of the foregoing, as well as anything meeting the definition of a "writing" as used in California Evidence Code section 250.

2.   DESIGNATION OF CONFIDENTIAL INFORMATION

2.1.   This Stipulated Protective Order applies to any discovery responses and/or other DOCUMENTS or materials in this case which contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information that are designated by a Party or a third party as provided for herein as being CONFIDENTIAL or ATTORNEYS' EYES

ONLY hereunder, whether such disclosure is during the course of investigation, discovery, or motions, by order of the Court, in response to questions in a deposition, written interrogatories, requests for the production of DOCUMENTS and other tangible things, requests for admission, or any other discovery undertaken in this action.

2.2.   Any Party or third party as provided for herein may designate information as being CONFIDENTIAL or ATTORNEYS' EYES ONLY, as defined above, prior to or at the time of disclosure by that Party or third party.  Such designation shall be made by placing the appropriate designation on every page of each DOCUMENT so designated.  In the case of information disclosed in or by a non-paper medium (*e.g.*, videotape, audiotape, computer disk, or other tangible thing), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of such designation.  Such designation is deemed to apply both to the DOCUMENT, material or other medium to which the designation is affixed, and also to the information contained therein or thereon.

2.3.   CONFIDENTIAL INFORMATION shall be used only for the purposes of this litigation and may not be used by any Party to which or to whom that information is produced or disclosed for any other purpose.

2.4.   The Parties and their attorneys shall use reasonable care and diligence to avoid designating any DOCUMENTS or materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY

that are not entitled to such designation.  The designating Party bears the burden of proof to support the designation.

2.5.  Each of the Parties to this Stipulated Protective Order expressly agrees and covenants that such Party will not disclose or cause the disclosure of any CONFIDENTIAL INFORMATION in violation of this Stipulated Protective Order, including without limitation, to any customers or competitors, or potential customers or competitors, of any of the Parties to this action or their counsel, and that such Party will take appropriate steps to secure and safeguard all CONFIDENTIAL INFORMATION in such Party's possession, along with any copies, summaries, excerpts, abstracts, or other information derived in whole or in part therefrom.

2.6.  Third parties may avail themselves of the protections of this Stipulated Protective Order by: (a) executing a nondisclosure agreement in the form attached hereto as Attachment A and serving a copy thereof on all counsel of record herein; or (b) by orally agreeing to be bound by the terms hereof, if such oral agreement is made on the record during a deposition, which shall also be read into the record of such deposition, and by thereafter producing DOCUMENTS and/or giving testimony in accordance with this Stipulated Protective Order.

3.  <u>DEPOSITIONS</u>

3.1.  With respect to the examination of witnesses upon oral deposition, when CONFIDENTIAL INFORMATION is supplied to the deponent, or when the deponent's testimony

contains, reflects, or comments on CONFIDENTIAL INFORMATION, the deposition reporter and/or videotape operator shall be informed of this Stipulated Protective Order by the Party or third party seeking to invoke its protection and provided a copy hereof, and will be required to agree to be bound by its terms in accordance with Paragraph 2.6.  If deposition testimony is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY at a deposition, the portion of the testimony so designated shall be bound in a separate transcript (and recorded on a separate videotape, if the deposition is videotaped).  The reporter and/or videotape operator shall then place on the cover of any such separate transcript or videotape the words "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS ATTORNEYS' EYES ONLY INFORMATION," as appropriate. The Parties shall then cause their counsel to take appropriate steps to prevent such separate transcript or videotape so designated from being disclosed to any person, except as provided in this Stipulated Protective Order.  The Party taking any deposition shall be responsible for ensuring that the court reporter and/or videotape operator are informed of this Stipulated Protective Order and have agreed to comply with and be bound by its terms.

    3.2.  If CONFIDENTIAL INFORMATION is to be discussed or disclosed in a deposition, any Party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such CONFIDENTIAL INFORMATION pursuant to the terms of this Stipulated Protective Order during that portion of the deposition in

which the CONFIDENTIAL INFORMATION is actually discussed or disclosed.

3.3.   Nothing herein shall preclude a Party from showing any deponent in this action DOCUMENTS or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY if said deponent was the author, sender, or a recipient of such DOCUMENTS or other materials or can otherwise be demonstrated to have had prior access to or receipt of said DOCUMENTS or materials or the information contained therein. Regardless of designation pursuant to this Stipulated Protective Order, if a DOCUMENT or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness in this action, counsel may discuss such conduct or statements with such witness without revealing any portion of the DOCUMENT or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of paragraph 5 below.

4.   DEPONENTS AND THIRD PARTY WITNESSES BOUND BY THIS STIPULATED PROTECTIVE ORDER

4.1.   Each deponent or third party witness to whom any Party proposes to disclose CONFIDENTIAL INFORMATION at a deposition, trial, or other proceeding shall first be given a copy of this Stipulated Protective Order and informed of its contents; shall agree to be bound by the obligations of confidentiality and non-disclosure as set forth in this Stipulated Protective Order; and shall either: (a) execute a nondisclosure agreement in the form attached hereto as

Attachment "A"; or (b) shall orally agree, if such oral agreement is made on the record during a deposition, to be bound by its terms, which shall also be read into the record.

### 5.   ACCESS TO CONFIDENTIAL INFORMATION

5.1.  All CONFIDENTIAL INFORMATION shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person or entity except as provided in this Stipulated Protective Order.

5.2.  Access to CONFIDENTIAL INFORMATION designated ATTORNEYS' EYES ONLY shall be limited to the following "Qualified Persons":

5.2.1.  Outside counsel of record for the Parties, their employees and staff, and outside vendors engaged in, and used solely for, simple reproduction or copying;

5.2.2.  Consultants and experts requested by the Parties or their counsel to furnish expert or litigation support services in this litigation, provided that such consultants or experts fulfill the conditions in paragraph 5.5 below, and provided that the name and employment affiliations of the consultants or experts are provided to the disclosing Party's counsel at least ten (10) days in advance of any disclosure of that Party's CONFIDENTIAL INFORMATION, so that counsel for the disclosing Party may have an opportunity to object to the Court prior to such disclosure, in which case

such disclosure shall not occur pending resolution by the Parties or the Court.

5.2.3.  The Court and its authorized personnel, pursuant to paragraphs 7.1 to 7.3 below.

5.3.  Access to and/or disclosure of information designated as CONFIDENTIAL shall be limited to the following "Qualified Persons":

5.3.1.  Those persons or entities considered "Qualified Persons" under paragraph 5.2.

5.3.2.  The Parties to this case, and their officers, directors, agents and employees whom counsel of record believes in good faith have a need for access to such information for the preparation and trial of this action.

5.3.3.  Deponents who fulfill the conditions of Paragraphs 3.1, 3.3 and 4.1 above.

5.4.  No CONFIDENTIAL INFORMATION received by any Party or counsel in this lawsuit may be revealed or disclosed to any person or entity not described above.

5.5.  Each consultant or expert authorized pursuant to Paragraph 5.2.2, shall, prior to being given access to CONFIDENTIAL INFORMATION, acknowledge in writing his or her familiarity with the terms of this Stipulated Protective Order and execute a nondisclosure agreement in the form specified in Attachment "A" hereto.

6.  PARTY'S OWN INFORMATION

6.1.  Nothing in this Stipulated Protective Order shall affect the right of the designating Party to disclose to its own officers, directors, employees, agents, consultants or

experts, or to any other person, CONFIDENTIAL INFORMATION designated as such by the designating Party.


7.   FILING OR LODGING UNDER SEAL, AND OTHER USE

7.1.   Pursuant to Local Rule 79-5.1 of the United States District Court, Central District of California, where approval is required to file a DOCUMENT under seal, a written application and a proposed order shall be presented to the judge along with the DOCUMENT submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate.  The original and judge's copy of the DOCUMENT shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.  Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

7.2.   Such envelope or container shall not be opened without order of the Court, except by officers of the Court or the attorneys of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.  The Party applying for filing or lodging a DOCUMENT under seal may, but is not required to, file a public version of the DOCUMENT with the CONFIDENTIAL INFORMATION redacted.  The complete unredacted DOCUMENT as well as the redacted DOCUMENT, along with a written statement or notice

indicating what has been redacted, shall be furnished to the counsel of record for all other Parties.

7.3.   In the event that any Party to this Stipulated Protective Order wishes to present any CONFIDENTIAL INFORMATION, or argument or discussion concerning such, in any oral testimony or oral argument submitted to the Court at any hearing, trial or other proceeding, the presenting Party shall first advise the Court of such and request the Court that such portion of the proceeding be conducted in an appropriately confidential manner, including without limitation, excusing any persons from the Courtroom to whom disclosure would otherwise be improper as set forth above, and instructing the court reporter to separately set forth, designate and seal that portion of the transcript containing such portion of the proceeding.  In the event that any CONFIDENTIAL INFORMATION is used in conjunction with any Court hearing, trial or other proceeding in this action, it shall not lose its CONFIDENTIAL status through such use.

8.   CHALLENGING A DESIGNATION

8.1.   Pursuant to Local Rule 37, in the event that counsel of record for any Party at any time believes that designated CONFIDENTIAL INFORMATION should not be so designated, or that a different designation should be employed, and prior to the filing of any motion relating to any dispute over such designation, counsel for the Parties shall confer in a good faith effort to eliminate the necessity for a hearing or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the

moving party to arrange this conference.  Such counsel shall
so notify counsel for the designating Party in writing which
notice shall identify each issue, shall state briefly with
respect to each such issue the moving party's position (and
provide any legal authority which the moving party believes is
dispositive of the dispute as to that issue), and specify the
terms of the designation or discovery order to be sought.
Counsel of record for both the complaining and designating
Parties then shall meet and confer in good faith concerning
such disputed CONFIDENTIAL INFORMATION within ten (10) days of
receipt of the notice.  If agreement is not reached within
those ten (10) days, counsel shall then formulate a written
stipulation which shall be filed and served with the notice of
any motion to the Court.  The stipulation shall comply with
the requirements of Local Rule 37-2.1 and 37.2.2, which are
incorporated herein by this reference.  If the Parties want to
file the Joint Stipulation required by Local Rule 37 under
seal, the Parties may file a stipulation to that effect or the
moving Party may file an ex parte application making the
appropriate request.  The Parties must set forth good cause in
the stipulation or ex parte application as to why the Joint
Stipulation or portions thereof should be filed under seal.
Upon such motion, the designating Party bears the burden of
proof to support the designation.  The designated CONFIDENTIAL
INFORMATION shall be subject to and protected by this
Stipulated Protective Order under the designation assigned by
the designating Party until the Court has ruled on any such
motion.

8.2.   No Party shall be obliged to challenge the propriety of a CONFIDENTIAL designation at any specified time, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9.   <u>INADVERTENT DISCLOSURE</u>

9.1.   The inadvertent failure to designate CONFIDENTIAL INFORMATION properly (or at all) in accordance with this Stipulated Protective Order prior to or at the time of disclosure shall not operate as a waiver of a Party's right to thereafter designate such information as CONFIDENTIAL within thirty (30) days after such disclosure or after actual discovery of such disclosure, whichever is later.

9.2.   In the event that CONFIDENTIAL INFORMATION is designated as CONFIDENTIAL after disclosure, but within the thirty (30) day period allowed under Paragraph 9.1, all receiving Parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as CONFIDENTIAL pursuant to the terms of this Stipulated Protective Order.

10.   <u>MISCELLANEOUS</u>

10.1.   DOCUMENTS designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be maintained in the custody of outside counsel of record for the Parties except that:  (a) any court reporter who transcribes testimony given in this action may maintain any such designated DOCUMENTS for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of such DOCUMENTS may be retained by consultants entitled to see such DOCUMENTS under

the terms of this Stipulated Protective Order to the extent necessary for their study, analysis, and preparation of the case.  A person with custody of DOCUMENTS designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall maintain them in a manner that limits access to those DOCUMENTS to only those persons entitled under this Stipulated Protective Order to examine them.

   10.2.   Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any DOCUMENTS, other than attorney work product, containing designated CONFIDENTIAL INFORMATION produced by a Party or third party shall either be destroyed and written certification of such destruction provided to counsel for the designating Party or third party, or returned to the Party or third party producing such DOCUMENTS or other materials. Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial DOCUMENTS, depositions and deposition exhibits, and DOCUMENT databases.  Such file copies must be maintained under the conditions of maintaining information as set forth in Paragraph 10.1.

   10.3.   The provisions of this Stipulated Protective Order apply to all proceedings in this action, including any and all appeals, arbitrations, settlement proceedings, and proceedings upon remand.

   10.4.   A designation of confidentiality pursuant to this Stipulated Protective Order shall be effective and shall

be respected by the Parties and all persons in any way involved in these proceedings or to whose attention CONFIDENTIAL INFORMATION shall come unless and until otherwise ordered by the Court or stipulated in writing or on the record by all Parties to this action.  These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until all Parties to this action stipulate that designated CONFIDENTIAL INFORMATION can be disclosed.

10.5.  No Party to this action, by designating certain information as CONFIDENTIAL under this Stipulated Protective Order, or by acquiescing in any other Party's or third party's designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or otherwise CONFIDENTIAL and subject to protection hereunder.

10.6.  The fact that any DOCUMENTS has been designated as being CONFIDENTIAL INFORMATION hereunder is not admissible before any trier of fact.

10.7.  The Court retains jurisdiction of this action to enforce this Stipulated Protective Order and to make such deletions from or amendments, modifications, and additions to the Stipulated Protective Order as the Court may from time to time deem appropriate.  The Parties hereto reserve all rights to apply to the Court at any time, before termination of this action, for an order modifying this Stipulated Protective

/ /

/ /

17

1  / /

2  / /

3  / /

4  / /

5  Order or seeking further protection against disclosure or use

6  of claimed CONFIDENTIAL INFORMATION.

7          IT IS SO STIPULATED.

8

9  DATED:  February __, 2008      SHIELDS LAW OFFICES

10                              By: _____

11                                  Jeffrey W. Shields
                                  Attorneys for Plaintiffs and

12                                Counter-Defendants Waleed Al-Oboudi
                                  and Maria Amelia C. Chang

13

14  DATED:  February __, 2008      HERZFELD & RUBIN LLP

15

16                              By: _____

17                                  Michael A. Zuk
                                  Attorneys for Defendant and

18                                Counter-Claimant Robert Keith Froom,
                                  and Defendants RK Froom & Co., Inc.

19                                and Carol Froom

20

21          IT IS SO ORDERED, with the following changes and

22  notations:

23          In lieu of the procedure described in paragraphs 7.1

24  and 7.2, the parties shall follow the applicable local rules

25  relating to processing of requests to file or lodge documents

26  under seal.

27

28

Paragraphs 7.3, 10.2 and 10.3, and any other parts of the stipulation which affect either dispositive motions or trial, are disallowed.  This order shall govern only pretrial proceedings and proceedings concerning non-dispositive motions.  If any party desires protection in connection with either dispositive motions or trial, the party shall seek such protection separately, and such protection shall be sought from the judicial officer who will preside at the hearing.

DATED:  March 05, 2008           _____

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT "A"

<u>NONDISCLOSURE AGREEMENT</u>

I, _____, do solemnly swear

that I am familiar with the terms of the Stipulated Protective

Order (the "Order") entered in the case of <u>Waleed Al-Oboudi,</u>

<u>et al. v. Robert Keith Froom, et al.</u>, U.S. District Court for

the Central District of California, Case No. CV07-3235 ABC

(RZx) (the "Action"), and hereby agree to comply with and be

bound by all of the terms and conditions of such Order, unless

and until modified by further order of the Court in the

Action.  I will not disclose to any individuals, other than

those specifically authorized by the Court or in the Order,

any DOCUMENTS or information designated as CONFIDENTIAL

INFORMATION pursuant to the Order which are disclosed to me,

nor will I copy, use or disclose any DOCUMENTS or information

designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the

Order except for the purposes of the Action and/or as

authorized by the Order.  I hereby consent to the jurisdiction

of the Court in the Action for purposes of enforcing this

Order.

DATED: _____   _____
                                        (Signature)
                             NAME:_____
                             ADDRESS:_____
                             _____
                             TEL. NO.: _____

PROOF OF SERVICE

STATE OF CALIFORNIA )
                    )      ss.
COUNTY OF ORANGE    )

         I, the undersigned, say:  I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 1920 Main Street, Suite 1080, Irvine, California 92614.

         On **February 28, 2008** I served the foregoing documents described as:

         **STIPULATED PROTECTIVE ORDER**

         **BY ELECTRONIC ACCESS:**
         I hereby certify that on **February 28, 2008**, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

         **Michael A. Zuk**
         **mzuk@hrllp-law.com**

         **BY FIRST CLASS MAIL**
         I deposited such envelope into the U.S. mail at Irvine, California.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing as set forth in this affidavit.

         **Michael A. Zuk**
         **Herzfeld & Rubin LLP**
         **1925 Century Park East**
         **Suite 600**
         **Los Angeles, CA 90067-2783**

         Executed on **February 28, 2008** at Irvine, California.

         _____
         **RICK A. VARNER**